UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES R. JONES, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-00666-RFB-CWH <br><br> **ORDER** |

Before the Court are Defendant Cosmopolitan Hotel's ("defendant") Motion to Quash (doc. # 14), and Plaintiff Charles R. Jones's ("plaintiff") Motion to Deny (doc. # 17), which is actually a response to defendant's motion and will be construed by the Court as such. Also before the Court are defendant's reply (doc. # 20), and plaintiff's sur-reply (doc. # 25).[1]

**BACKGROUND**

Plaintiff, proceeding pro se, filed his complaint on April 13, 2015. In his complaint, plaintiff alleges that he was terminated at the Cosmopolitan Hotel as a result of defendants and former employees of the hotel conspiring against him. Plaintiff seeks $2,000,000.00 for pain and suffering, an additional $70,000.00 in lost wages, removal of a cable box, home and computer privacy, copies of documents and emails, procedural changes at the Las Vegas Metropolitan Police Department ("LVMPD"), and an apology letter from the LVMPD and "various participating agencies" to be

---

[1] Plaintiff filed a sur-reply without seeking leave of Court. Local Rule 7-2 allows for a motion, a response, and a reply. See Civ.Loc.R. 7-2(a) to (c). Because no provision exists for filing a sur-reply, a party must obtain leave of Court before doing so. Given plaintiff's failure in this regard, the sur-reply shall be stricken from the record.

published in the Las Vegas Review-Journal.

## DISCUSSION

Defendant asks the Court to quash service of plaintiff's complaint for insufficiency of service of process. Defendant explains that plaintiff served the summons and complaint to defendant's receptionist, Ms. Silvia Rubalcava ("Rubalcava"), and not to defendant's managing agent or agent authorized by law to receive service of process.

Plaintiff, in response, asks why Rubalcava even received the summons and complaint if she was not authorized to do so. Plaintiff claims that summons were previously served at the "People's Department," and concludes that Rubalcava must have received summons and complaints "numerous times" in the past. Doc. # 17 at 3. Plaintiff submits that only a hearing before this Court will uncover "the truth about this issue." Id. at 4.

In reply, defendant contends that plaintiff's assertions suffer critical defects. Defendant first points out that plaintiff's alleged "facts" are not supported by an affidavit, declaration, or any other admissible evidence. Defendant next points out that even if the Court were to accept plaintiff's unsupported assertions as true, they still do not support a finding that service was proper in this case. Defendant then points out that plaintiff's "facts" only show that Rubalcava took documents that were handed to her on occasion, which does not establish that she is an authorized agent of defendant or that she had any knowledge of whether defendant challenged such service. Defendant further points out that a hearing is improper in this case because it is plaintiff's burden to prove service was effectuated, and plaintiff has not refuted evidence to the contrary.

A motion brought under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP"), as here, permits defendant to challenge departures from the proper procedure for service and the content of summons. The difference between Rules 12(b)(4) and 12(b)(5) is not always clear. Generally, however, a Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b), or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. See Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006). By contrast, a Rule 12(b)(5) motion challenges the mode or method of service of the summons and complaint. Id.

//

Federal courts do not have jurisdiction over defendants unless they have been properly served under Rule 4. See Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Where service is contested, the burden is on the party claiming proper service to establish its validity. See Cranford v. United States, 359 F. Supp.2d 981, 984 (E.D. Cal. 2005). Assuming insufficiency of process or service of process, the Court has discretion to dismiss an action or to simply quash service. See SHJ v. Issaquah School District No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

Rule 12(b)(5) applies in this case because defendant challenges the method of service of the summons and complaint. Pursuant to Rule 4(h)(1)(B) of the FRCP, a corporation may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by state law. In Nevada, a plaintiff suing an entity formed under state law, or registered to do business in the state, may effect service by serving "the registered agent thereof or if the entity... is (i) a corporation, to any officer thereof..." Nev.R.Civ.P. 4(d)(1). Alternatively, service may be accomplished by delivering a copy of the summons and complaint, along with an affidavit, to the Nevada Secretary of State if service cannot be effectuated on the registered agent or officer of the corporation. Id.

Here, defendant is a corporate entity registered to do business in Nevada. Nothing in the record supports the conclusion that the receptionist, Rubalcava, is an officer, managing or general agent, or any other authorized agent of defendant. The Court finds that plaintiff has not met his burden of demonstrating that service was proper in the instant case. Thus, the Court concludes that service of process to defendant was insufficient, and grants the instant motion to quash.

Having determined to quash service, the Court deems it appropriate to extend the time for plaintiff to accomplish service under Rule 4(m) of the FRCP. The Court has broad discretion to extend time for service. See Efaw v. Williams, 473 F.3d 1038, 1041(9th Cir. 2003). The Court also notes that the 120-day time period for service under Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). As such, plaintiff shall have until **October 23, 2015** to effectuate service in this matter.

//

**CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion to Quash (doc. # 14) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Deny (doc. # 17) is construed as a response to defendant's motion (doc. # 14).

**IT IS FURTHER ORDERED** that plaintiff shall have until **October 23, 2015** to effectuate service as to defendant Cosmopolitan Hotel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike plaintiff's improperly filed sur-reply (doc. # 25) from the record.

DATED: September 11, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**